Boro Park Village Condo Phase One, Appellant,
against
Tova Zicherman, Respondent. 




Lazarus, Karp & Kalamotousakis, LLP (Samantha Sumilang of counsel), for appellant.
Tova Zicherman, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered December 7, 2017. The order denied plaintiff's motion to compel discovery or, in the alternative, for sanctions pursuant to CPLR 3126.




ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination of plaintiff's motion after affording defendant an opportunity to submit written opposition to plaintiff's motion.
Plaintiff, which is allegedly the board of managers of a condominium, commenced this action in the Commercial Claims Part of the Civil Court in 2011, seeking to recover the principal sum of $4,900 for defendant's alleged nonpayment of condominium fees for her condominium unit. Defendant filed a counterclaim for $5,000, based on plaintiff's alleged failure to properly process insurance claims with respect to a fire that had occurred in defendant's condominium unit and plaintiff's alleged wrongful retention of insurance proceeds. The matter was subsequently transferred to the Civil Court, following which defendant filed an amended answer alleging, among other things, that plaintiff was not a lawfully constituted board of managers.
In the period from 2014 through 2016, a number of orders issued with respect to discovery. On October 16, 2017, plaintiff moved, pursuant to CPLR 3124, to compel defendant to respond to plaintiff's allegedly outstanding discovery demands or, in the alternative, to [*2]sanction defendant pursuant to CPLR 3126. On October 24, 2017, while plaintiff's motion was pending and before defendant's answering papers to plaintiff's motion were due, defendant's attorney, without submitting written opposition to plaintiff's motion, moved by order to show cause to be relieved as defense counsel. The same day, the Civil Court (Richard J. Montelione, J.) signed the order to show cause, and stayed "all further action in this case" pending the determination of defense counsel's application. That stay remained in effect until December 7, 2017, when plaintiff's motion to compel discovery or for sanctions and the motion by defendant's attorney to be relieved as defense counsel were both heard. On December 7, 2017, following oral argument, the Civil Court (Robin S. Garson, J.) issued two orders. One order granted the unopposed motion of defense counsel to be relieved and stayed "all proceedings in this matter" until February 23, 2018. The other order, the subject of this appeal, denied plaintiff's motion.
Plaintiff's moving papers were not so clearly deficient on their face as to require the denial of plaintiff's motion in its entirety. However, by virtue of the stay that had been imposed on October 24, 2017, and, in effect, extended without any temporal gap to February 23, 2018, defendant was not afforded an opportunity to respond to plaintiff's discovery motion prior to its December 7, 2017 adjourned return date.
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination of plaintiff's motion after affording defendant an opportunity to submit written opposition to plaintiff's motion.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019